IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-03095-WYD-MEH

SABRINA MARTIN,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY AND JAMIE DERRERA,

    Defendants.

**ORDER**

**I.   INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Remand the Case to District Court [ECF No. 7], filed December 22, 2012.  Defendant's filed their Response [ECF No. 12] on January 17, 2012 and Plaintiff's filed their Reply [ECF No. 13] on January 26, 2012.

Plaintiff, Sabrina Martin, initiated this action in state court on October 28, 2011. This case arises out of Plaintiff's claim made under an insurance policy issued by Defendant, American Family Mutual Insurance Company ("American Family") which provided for uninsured motorist ("UM") benefits following Plaintiff's accident with an uninsured motorist, Defendant Jamie Derrera, on March 8, 2010.  As a result of the accident, Plaintiff claims she incurred $8,659 in medical bills.  The policy for UM

benefits is $50,000 per person, however, American Family denied Plaintiff's benefits claim.

Following her denial of benefits, Ms. Martin filed claims against Derrera and American Family. Pursuant to American Family's own UM policy, Plaintiff asserts a claim for negligence against Derrera. *See* Defendant's Response to Motion to Remand at 7,[ECF No. 12] ("American Family notes that its insurance policy does, in fact, require Plaintiff to name the uninsured motorist as a defendant in a suit brought to determine liability and damages.").[1] She has also asserted three claims against American Family including breach of contract for denying her UM benefits. Plaintiff also claims that American Family acted in bad faith and that its actions constitute willful violations of one or more provisions of C.R.S. § 10-3-1104(1)(h)(I) through (XIV). Finally, she also claims that Defendant American Family breached C.R.S. 10-3-1115 relating to payment of benefits owed to first-party insurance claimants. Plaintiff seeks damages as well as attorney fees.

American Family removed this case to this Court on November 28, 2011 on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *See* Notice of Removal to United States District Court, [ECF No. 1]. The parties do not dispute that Plaintiff is a citizen of Colorado, Defendant Dererra is a citizen of Colorado, and Defendant American Family is a citizen of Wisconsin; however, American Family claims Derrera is

---

[1] In relevant part, the insurance policy provides, "We [American Family] will pay compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle…. The bodily injury must (a) be sustained by an insured person; (b) be caused by an accident; or (c) arise out of the ownership, maintenance, or use of an uninsured motor vehicle. If any suit is brought to determine liability or damages, the owner or operator of the uninsured motor vehicle…must be made a defendant and you must notify us of the suit." *See* Defendant's Response to Motion to Remand at 7,[ECF No. 12](citing text of the policy).

a nominal party and thus should be disregarded for purposes of jurisdiction. In the Motion for Remand and the Reply, Plaintiff does not dispute American Family's assertion that the amount in controversy is satisfied; therefore, I will not address it here.

## II.   ANALYSIS

Federal jurisdiction in the instant case is premised on diversity of citizenship under 28 U.S.C. § 1332, which requires the complete diversity of all parties and an amount in controversy greater than $75,000. Defendants have the burden of establishing that the jurisdiction prerequisites of § 1332, including the complete diversity of all named parties, have been satisfied. *McPhail v. Deere & Co.,* 529 F.3d 947, 952 (10th Cir. 2008).

In her motion to remand, Plaintiff, who is a citizen of Colorado, argues that there is no diversity jurisdiction over this case because Defendant Derrera is also a Colorado citizen. American Family argues Derrerra is merely a nominal party, and therefore is not considered for purposes of assessing whether diversity jurisdiction exists. When determining jurisdiction premised on diversity, "the presence of a nominal party with no real interest in the controversy will be disregarded." *Hann v. City of Clinton, Okla., ex rel. Schuetter*, 131 F.2d 978, 981 (10th Cir. 1942); *See also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy").

In order to determine whether Derrera is a real party to the controversy, I must identify which claims may affect him. *See Nodland v. Murphy*, 2011 WL 4843317 (D. Colo.) (initiating analysis of a nominal party by identifying which claims affect the party

at issue). Derrera clearly has an interest in the negligence claim that Plaintiff asserts against him. American Family also argues that because Derrera was uninsured, even if Plaintiff succeeds in her negligence claim against him, it is unlikely that any judgment would be collected. I do not find this argument persuasive. Defendant Derrera has been served and therefore may yet become an active participant in this litigation. At this point in the litigation, it is premature to conclude that Derrera will not appear and defend himself or that he would be judgment proof. Even if his share of the negligence damages, if proven, would be less the American Family's contractual and bad faith damages, if proven, this does not negate his economic interest in the outcome of this litigation.

Derrera also plays a role in the claims against American Family. The law in Colorado requires a UM insurer to pay the insured whatever losses the insured proves she is legally entitled to recover from an uninsured or underinsured motorist, up to the limit of the policy. *See* § 10-4-609(1)(a); *see also Briggs v. Am. Family Mut. Ins. Co.*, 833 P.2d 859, 861 (Colo. App. 1992). In *Briggs*, the Colorado Court of Appeals held that, for purposes of triggering the insurer's duty to pay under § 10-4-609, the insured had the burden to prove two elements: 1) that the uninsured motorist was negligent; and 2) the extent of damages. *See Briggs*, 833 P.2d at 861. Therefore, Plaintiff's negligence claim against Derrera establishes his liability and Plaintiff's damages and trigger's American Family 's obligation to pay Plaintiff her UM coverage and potential extra-contractual liability.

American Family argues that naming Derrera for the establishment of liability is only a minor detail that is a "means to a more substantial end," namely, American Family's responsibility for damages. *See Kidd v. Gilfilen*, 170 F. Supp. 3d 649, 652 (S.D.W.Va. 2001) (UM driver who never appeared or showed any intent to engage in the litigation is considered nominal party because he was not necessary to prove or disprove critical facts of the claims). However, American Family admits that if liability against Derrera is not established, Plaintiff's claim against them has no value. Apart from Derrera's own interest in the negligence claim, it is illogical to argue the establishment of liability is a minor detail when Plaintiff must prove this to assert her claim against American Family. Moreover, although American Family relies heavily on the *Kidd* case, a non-binding case from the Southern District of West Virginia, the court explicitly expressed its intent to avoid establishing a bright-line rule explaining, "it is conceivable in a future uninsured motorist coverage action that might retain counsel and demonstrate the requisite stake and control to qualify as the real party in interest." *Kidd*, 170 F. Supp. 2d at 652 n. 2.

Therefore, Derrera cannot be considered a nominal party and as a citizen of Colorado, he destroys the complete diversity necessary for jurisdiction.

### III.   CONCLUSION

In light of Plaintiff's negligence claim against Derrera he has an interest in the outcome of this litigation and cannot be considered a nominal party. Because Derrera is a citizen of Colorado, his presence as a defendant destroys complete diversity, which

is required for this court to have jurisdiction of this matter.  In the absence of jurisdiction under § 1332, it is

ORDERED that Plaintiff's Motion to Remand (ECF Doc. No. 7), filed December 22, 2011, is **GRANTED.**  It is

FURTHER ORDERED that this case is remanded to the District Court, Pueblo County, Colorado.  It is

FURTHER ORDERED that in light of this order, Plaintiff's Motion for Expedited Ruling or Motion for Referral to Magistrate Hegarty For Ruling on Plaintiff's Motion to Remand Case to District Court [ECF No. 21], filed April 18, 2012, is **DENIED AS MOOT.**

Dated:  May 14, 2012.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE